UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Justin Ornelas, et al., | Case No. 2:22-cv-00304-JCM-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Amazon.com, Inc.; et al., | |
| Defendants. | |
| And related third-party claims. | |

Before the Court is a stipulation to stay discovery. (ECF No. 30). The underlying action arises out of a four-car accident involving three passenger vehicles and a semi bearing an Amazon-branded trailer. Plaintiffs—Justin Ornelas, Jasmine Ornelas, and minor J.O.—sue Amazon.com, Inc. and the driver of the semi, Vokhidzmon Abdukarimov. Amazon filed a third-party complaint against INKAS, LLC, alleging that INKAS agreed to indemnify Amazon, but failed to respond to Amazon's formally tendered defenses. (ECF Nos. 26, 27). The parties represent that INKAS has been served but has not yet appeared in this action. (ECF No. 30 at 2 n.1).

The parties anticipate that six other claimants from the other two passenger vehicles in the accident may file civil actions. (*Id.* at 2). They explain that the statute of limitations for the non-party claimants ends on April 30, 2023. (*Id.*). Because they anticipate that other parties may initiate an action regarding the same circumstances underlying the instant litigation, the parties ask to stay discovery for six months to allow sufficient time: "(1) for the non-parties to file suit up to the expiration of the statute of limitations[;] (2) for Defendants to remove and move to consolidate the additional actions with this action[;] (3) for all parties, including the new parties, to conduct mandatory initial discovery conferences and serve initial disclosures[;] (4) and then

have reasonable time to conduct discovery." (*Id.* at 3). The parties also provide proposed amended discovery deadlines. (*Id.* at 4).

The Court grants in part and denies in part the parties' stipulation. The Court grants the parties' request that it stay discovery. But it denies the request that it stay discovery for six months. It also denies the parties' proposed extended discovery plan.

The Court finds a stay of discovery appropriate under the good cause analysis in *Scharder v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) and Federal Rule of Civil Procedure 1. Consolidating related actions before proceeding with discovery will conserve party and Court resources. But, until any non-parties file complaints, the parties' concerns about other, similar actions are speculative. So is the need for additional time to remove and consolidate actions. The Court will thus only grant the stay until April 30, 2023, when the parties assert that the statute of limitations for non-party claimants will have run.[1] The Court will require the parties to file a motion or stipulation to extend the stay or a proposed discovery plan on April 30, 2023.

**IT IS THEREFORE ORDERED** that the parties' stipulation (ECF No. 30) is **granted in part and denied in part** as outlined here.

**IT IS FURTHER ORDERED** that discovery is stayed until **April 30, 2023**. The parties shall file either: (1) a motion or stipulation to extend the stay; or (2) a proposed discovery plan on **April 30, 2023**.

DATED: March 6, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court makes no findings about whether the statute of limitations on any claim will have run on this date.